## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 2015-0026** |
| | ) | |
| **MISAEL MELENDEZ** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Gabriel J. Villegas, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Misael Melendez's ("Defendant") *pro se* "Motion Requesting a Judicial Recommendation Concerning Length of RRC[] Halfway House Placement" ("Motion") (Dkt. No. 60); the Government's Opposition to Defendant's Motion (Dkt. No. 61); and Defendant's Reply to the Government's Opposition (Dkt. No. 62). For the reasons that follow, Defendant's Motion will be denied.

The Government filed an indictment against Defendant on September 15, 2015 charging him with federal narcotics and firearms offenses. (Dkt. No. 1). Defendant pleaded guilty to Count 4 of the indictment charging him as a felon in possession of a firearm on January 28, 2016, and his guilty plea was accepted by the Court. (Dkt. Nos. 43, 48). Following a sentencing hearing, the Court sentenced Defendant on Count 4 to 50 months imprisonment, three years of supervised release, and a fine. (Dkt. No. 56). The remaining counts of the indictment were dismissed.

In his Motion, Defendant represents that he is scheduled to be released from the custody of the Bureau of Prisons ("BOP") on February 28, 2020. (Dkt. No. 60 at 2). Noting that he has participated in various BOP programs "to prepare for his release and aid his rehabilitation," Defendant requests that the Court issue a recommendation to the BOP that he be permitted to complete his term of imprisonment in a residential reentry center ("RRC") for the maximum 12-month period permitted under the Second Chance Act of 2007, 18 U.S.C. § 3624. *Id.* at 1-2.

Title 18 § 3624 provides, in pertinent part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

By its plain terms, the statute commits authority over determinations regarding a prisoner's pre-release custody to the BOP. *See United States v. Shipley*, 286 F. Supp. 2d 499, 500 (W.D. Pa. 2003) (recognizing that each district court to address the issue has determined that decisions regarding pre-release custody are committed to the authority of the BOP) (quoting *Gambino v. Gerlinski*, 96 F. Supp. 2d 456, 459 (M.D. Pa. 2000)). In making such determinations, the BOP considers, *inter alia*, "any statement by the court that imposed sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate[.]" 18 U.S.C. § 3621(b)(4); *see* 18 U.S.C. § 3624(c)(6) (establishing that the BOP regulations concerning placement in a community correctional facility shall be conducted in a manner consistent with 18 U.S.C. § 3621(b)).

As the Government points out, the Court placed its rationale for the sentence imposed in this case on the record during Defendant's sentencing hearing, and made certain recommendations to the BOP regarding Defendant's term of imprisonment at that time. (Dkt. No. 61 at 1). While the BOP may take these statements by the Court into consideration in making its pre-release custody determination, the Government contends—and that Court agrees—that the Court is ill-positioned to make an informed recommendation regarding BOP's pre-release custody determination in the absence of all relevant information from Defendant's term of imprisonment. *Id.* at 3.

Although the Court commends Defendant for the efforts he has made towards his rehabilitation while in custody as represented in his filings, the Court agrees that the determination regarding Defendant's pre-release custody is appropriately left to the discretion of the BOP under the circumstances here. The Court will therefore decline to make a recommendation as to the propriety of Defendant's placement in a RRC/halfway house or the appropriate length of any such placement in this case.

Accordingly, for the reasons discussed above, the Court will deny Defendant's Motion. An appropriate Order accompanies this Memorandum Opinion.

Date:   June 3, 2019

_____/s/_____
WILMA A. LEWIS
Chief Judge